JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEAN F. DANIELS, JR.

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

## DEFENDANTS

CURTISS-WRIGHT CORPORATION & EST GROUP, INC.

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C. §12101, et seq. ("ADA"); 43 P.S. §951, et seq. ("PHRA"); 29 U.S.C. §2601, et seq. ("FMLA")

Brief description of cause:
Plaintiff brings this action against his former employer for unlawful discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
May 12, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Harleysville, PA 19438 _____

Address of Defendant: _____ 2701 Township Line Road, Hatfield, PA 19440 _____

Place of Accident, Incident or Transaction: _____

---

***RELATED CASE, IF ANY:***

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/12/22 _____   _____   314179
                                 *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 5/12/22 _____   _____   314179
                                 *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| DEAN F. DANIELS, JR. | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| v. | : | |
| CURTISS-WRIGHT CORPORATION, et al. | : | |
| | : | NO. |
| DEFENDANTS. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( X )

| | | |
|---|---|---|
| May 12, 2022 | _(signature)_ | Plaintiff, Dean F. Daniels, Jr. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 565-2859 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEAN F. DANIELS, JR.** | : | |
| **Harleysville, PA 19438** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CURTISS-WRIGHT CORPORATION** | : | **JURY TRIAL DEMANDED** |
| **2701 Township Line Road** | : | |
| **Hatfield, PA 19440** | : | |
| | : | |
| **&** | : | |
| | : | |
| **EST GROUP INC** | : | |
| **2701 Township Line Road** | : | |
| **Hatfield, PA 19440** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## CIVIL ACTION COMPLAINT

### I.    INTRODUCTION

Plaintiff, Dean F. Daniels, Jr., brings this action against his former employers, Curtiss-Wright Corporation and EST Group Inc. for unlawful discrimination and retaliation, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff further brings this action pursuant to the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") for unlawful discrimination, retaliation, and leave interference. Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

II.    **PARTIES**

1.      Plaintiff, Dean F. Daniels, Jr., is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Harleysville, Pennsylvania.

2.      Defendant, Curtiss-Wright Corporation, is corporation maintaining a place of business located at 2701 Township Line Road, Hatfield, PA 19440.

3.      Defendant, EST Group, Inc. is a corporation maintaining a place of business located at 2701 Township Line Road, Hatfield, PA 19440.

4.      At all times material hereto, Defendants collectively constituted Plaintiff's employer under the joint and/or single employer doctrine.  Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

5.      At all times material hereto, Defendants acted by and through their authorized agents and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

6.      At all times material hereto, Defendants employed more than fifty (50) individuals within a seventy-five (75) mile radius of where Plaintiff worked.

7.      At all times material hereto, Defendants were an employer within the meanings of the statutes that form the basis of this matter.

8.      At all times material hereto, Plaintiff was an employee within the meanings of the statutes that form the basis of this matter.

III.    **JURISDICTION AND VENUE**

9.      The causes of action that form the basis of this matter arise under the ADA, FMLA, and PHRA.

10.    The District Court has jurisdiction over Count I (ADA) and Count II (FMLA) pursuant to 28 U.S.C. §1331.

11.    The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

12.    Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

13.    On July 30, 2020, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the Complaint.

14.    On March 4, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue regarding his PHRC Complaint. Attached hereto and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

15.    Plaintiff is filing this complaint within ninety (90) days from his receipt of this notice.

16.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.    **FACTUAL ALLEGATIONS**

17.    Plaintiff was employed by Defendants from in or about August 2014 until on or about July 7, 2020.

18.    Plaintiff consistently performed his job duties in a highly competent manner and received positive feedback.

19.    Plaintiff last held the position of Supply Chain Manager.

3

20.    Plaintiff reported to Alex Kotlyar, Director, Engineering and Operations.  Kotylar reported to Jim Berneski, General Manager.

21.    In or about February 2020, Plaintiff received a positive performance review and a merit salary increase. Plaintiff additionally received an above-target bonus.

22.    In or about mid-February 2020, Defendants expanded Plaintiff's job duties, his responsibilities, and the number of his direct reports.

23.    On or about April 8, 2020, Plaintiff was diagnosed with Major Depression Disorder, in addition to his prior Generalized Anxiety Disorder diagnosis.

24.    These medical conditions are disabilities under the ADA and PHRA in that they substantially impair one (1) or more of Plaintiff's major life activities.

25.    On or about April 14, 2020, Plaintiff commenced a medically necessary leave of absence pursuant to the FMLA due to his disabilities.  Defendants had knowledge of the same.

26.    Plaintiff's FMLA leave was a reasonable accommodation for his disabilities.

27.    On or about May 8, 2020, while Plaintiff was out on FMLA leave, Danielle Dixon, Berneski's Administrative Assistant, informed Plaintiff that Berneski still wanted Plaintiff to send his updated monthly report within two (2) hours and Berneski did not care why Plaintiff was out of the office.  Plaintiff responded that he was on FMLA leave.  She apologized for the phone call and stated that she would speak with Berneski.

28.    In or about early July 2020, Sabina Shewell, Purchasing Supervisor, commented to Plaintiff regarding his medically necessary FMLA leave that not everyone was lucky enough to have twelve (12) weeks off to catch up on their chores around the house.

29.    On or about July 7, 2020, Plaintiff returned from his FMLA leave.

4

30.    That same day, Defendants terminated Plaintiff's employment, effective immediately.

31.    During the termination meeting, Plaintiff stated that he believed his job was protected under FMLA.  Defendants responded that Plaintiff's position had been eliminated due to efficiencies and that Plaintiff should not take it personally.

32.    Defendants' articulated reason for Plaintiff's termination is a pretext.

33.    Plaintiff was the only employee reporting to Kotlyar who was terminated on July 7, 2020.

34.    Defendants assigned Plaintiff's job duties to Shewell, who was previously Plaintiff's direct report.

35.    To Plaintiff's knowledge, Shewell was not disabled, had not taken medical leave, and had not requested a reasonable accommodation for a medical condition.

36.    Plaintiff was more qualified and experienced than Shewell.

37.    Plaintiff's actual and/or perceived disabilities and/or record of impairment were a motivating and/or determinative factor in Defendants' decision to terminate Plaintiff's employment.

38.    Plaintiff's request for a reasonable accommodation for his disabilities was a motivating and/or determinative factor in Defendants' decision to terminate his employment.

39.    By terminating Plaintiff's employment after he returned from FMLA leave, Defendants interfered with Plaintiff's right to protected leave under the FMLA.

40.    By terminating Plaintiff's employment after he took FMLA leave, Defendants discriminated and retaliated against Plaintiff for invoking his rights under the FMLA.

41.     Plaintiff's invocation of his rights under the FMLA was a motivating and/or determinative factor in Defendants' decision to terminate his employment.

42.     Defendants' violations of the FMLA were willful.

43.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred and may in the future incur a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

44.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT I – ADA

45.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

46.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the ADA.

47.     Defendants acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

48.     As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

49.     Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

50.     No previous application has been made for the relief requested herein.

## COUNT II – FMLA

51.     Plaintiff incorporates by reference the paragraphs above, as if set forth herein in their entirety.

52.     By committing the foregoing acts against Plaintiff, Defendants violated the FMLA.

53.     By terminating Plaintiff after he used protected leave and/or requested protected leave, Defendants discriminated and retaliated against Plaintiff and violated the FMLA.

54.     By terminating Plaintiff's employment upon his return from FMLA leave, Defendants interfered with Plaintiff's ability to use protected leave under the FMLA.

55.     Said violations were willful.

56.     The imposition of liquidated damages is warranted.

57.     As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has suffered the damages and losses set forth herein.

58.     Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

59.     No previous application has been made for the relief requested herein.

## COUNT III – PHRA

60.     Plaintiff incorporates by reference the paragraphs above, as if set forth herein in their entirety.

61.     By discriminating and retaliating against Plaintiff, Defendants violated the PHRA.

62.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

7

63.     Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

64.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a.     declaring the acts and practices complained of herein to be in violation of the ADA;

b.     declaring the acts and practices complained of herein to be in violation of the FMLA;

c.     declaring the acts and practices complained of herein to be in violation of the PHRA;

d.     enjoining and restraining permanently the violations alleged herein;

e.     awarding Plaintiff back-pay;

f.     awarding Plaintiff front-pay;

g.     awarding interest;

h.     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

i.     awarding liquidated damages;

j.     awarding punitive damages;

k.    awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

l.    awarding Plaintiff such other damages as are appropriate under the ADA, FMLA, and PHRA; and

m.    granting such other and further relief as this Court deems appropriate.


**CONSOLE MATTIACCI LAW, LLC**


Date:  May 12, 2022          By:

STEPHEN G. CONSOLE
LANE J. SCHIFF
1525 Locust Street
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2859 (fax)

Attorneys for Plaintiff,
Dean F. Daniels, Jr.

9

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

| | |
|---|---|
| COMPLAINANT: | |
| **DEAN F. DANIELS, JR.** | Docket No. |
| v. | |
| **RESPONDENTS:** | |
| **CURTISS-WRIGHT CORPORATION** | |
| and | |
| **EST GROUP** | |

1. The Complainant herein is:

   Name:      Dean F. Daniels, Jr.

   Address:   REDACTED
   Harleysville, PA 19438

2. The Respondents herein are:

   Name:      Curtiss-Wright Corporation; EST Group

   Address:   2701 Township Line Road
   Hatfield, PA 19440

3. I, Dean F. Daniels, Jr., the Complainant herein, allege that I was subjected to unlawful discrimination because of my disability (including history of and regarded as) and retaliation for seeking reasonable accommodations for my disability, as set forth below.

**Discrimination and Retaliation**

A.  **I specifically allege:**

[1]      I began working at Respondents on or about August 2014.

[2]      I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]      I last held the position of Supply Chain Manager.

[4]      I last reported to Alex Kotlyar, Director, Engineering and Operations. Kotlyar reported to Jim Berneski, General Manager.

[5]      In February 2020, I received a positive performance review and a merit salary increase.

[6]      In or about mid-February 2020, Respondents expanded my job duties, my responsibilities, and the number of my direct reports.

[7]      On February 21, 2020, I received an above-target bonus.

[8]      On April 6, 2020, I contacted Darlene Louis, Senior Human Resources Generalist, and requested information on taking an FMLA-protected medical leave of absence.

[9]      On April 8, 2020, I was diagnosed with Major Depression Disorder, along with my Generalized Anxiety Disorder diagnosis.

[10]     On April 9, 2020, in a phone call with Louis, we discussed the process of taking an FMLA-protected medical leave of absence.

[11]     On April 13, 2020, I contacted Respondents' third-party administrator and requested to go out on an FMLA-protected medical leave of absence.

[12]     On April 13, 2020, in an email from Bonnie Taylor, Human Resources Representative, to Kotlyar and Louis, she stated that I had "reported a continuous absence for the

dates starting 04/14/2020, ending 04/27/2020 for the following reason/relationship: Employee's Own Health Condition/Employee."

[13]    On April 14, 2020, in an email to Kotlyar and Louis, I stated the following: "Per Dr.'s request I contacted Prudential late yesterday to apply for leave under FMLA.  Therefore I will not be available for work beginning today and during this process."

[14]    On April 14, 2020, I went out of work on an FMLA-protected medical leave of absence.

[15]    On April 16, 2020, my doctor provided a completed Certification of Health Care Provider for Employee's Serious Health Condition for Disability and Family Medical Leave Act document to Respondents' third-party administrator, which referenced my diagnoses of Generalized Anxiety Disorder and Major Depressive Disorder, my symptoms, and the recommended treatment.

[16]    On April 19, 2020, my doctor provided a completed Behavioral Health Capacity Questionnaire document to Respondents' third-party administrator, which referenced my anxiety, symptoms, and recommended treatment.

[17]    On April 24, 2020, I received a letter from Respondents' third-party administrator that my FMLA leave was approved from April 14, 2020 through July 6, 2020.

[18]    On April 27, 2020, on a phone call with Taylor, we discussed my FMLA leave approval through July 6, 2020, and my anticipated return to work date of July 7, 2020. Taylor stated that she was in contact with Respondents' third-party administrator regarding my FMLA leave.

[19]    On May 8, 2020, while I was out on an FMLA-protected medical leave of absence, Danielle Dixon, Berneski's Administrative Assistant, called me and told me that

Berneski did not care why I was out of the office and that Berneski wanted a monthly report updated and sent to him within two (2) hours. I responded that I was on FMLA leave. She apologized for the phone call and stated that she would speak with Berneski.

[20]    On June 1, 2020, I provided to Respondents' third-party administrator a series of medical records and my doctor's letter, which referenced my anxiety, depression, stress, alcohol use, symptoms, and treatment.

[21]    On July 1, 2020, in an email from Taylor, she confirmed that my return to work date was July 7, 2020, and that she would inform my manager of my return to work.

[22]    On July 6, 2020, on a phone call with Kotlyar, he told me that he wanted to meet with me when I returned to work the next morning.

[23]    On July 7, 2020, I returned to work from my FMLA-protected medical leave of absence.

[24]    On July 7, 2020, in a meeting with Kotlyar and Berneski, and Louis on the phone, Respondents terminated my employment, effective immediately. The stated reason was position elimination. I stated that I thought my job was protected under FMLA. Berneski responded that my position had been eliminated due to efficiencies. Kotlyar stated that I should not take it personally.

[25]    Respondents terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability and/or my taking medical leaves of absence for my disability.

[26]    I was terminated on the day I returned to work following my FMLA-protected medical leave of absence for my disability.

[27]    I was the only employee reporting to Kotlyar who was terminated on July 7, 2020.

[28]    I was the only disabled[1] employee reporting to Kotlyar.

[29]    I was the only employee reporting to Kotlyar who had requested a reasonable accommodation for a disability, including having taken an FMLA-protected medical leave of absence for a disability.[2]

[30]    Before I went out on a medical leave of absence, I had no indication that my job was in jeopardy.

[31]    I had no performance or disciplinary issues throughout my employment.

[32]    I was provided with no opportunity to remain employed with Respondents.

[33]    Respondents have assigned my job duties to Sabina Shewell, Purchasing Supervisor. I was more qualified and experienced to perform my job duties than the nondisabled employee who did not request reasonable accommodations for a disability or taken medical leaves of absence to whom Respondents assigned my job duties.

[34]    Respondents' disability discriminatory and retaliatory conduct toward me has caused me emotional distress.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my disability (including history of and regarded as) and retaliated against me for seeking reasonable accommodations for my disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

---

[1] References herein to an employee not having a disability are to the best of my knowledge.
[2] References herein to an employee not having requested a reasonable accommodation for a disability or taken a medical leave of absence for a disability are to the best of my knowledge.

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

**X**    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** _(a); (d)_

____    Section 5.1 Subsection(s) _____

____    Section 5.2 Subsection(s) _____

____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**X**    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

      I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

JULY 30, 2020
(Date Signed)

(Signature)    Dean F. Daniels, Jr.
REDACTED
Harleysville, PA 19438

# EXHIBIT B



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market Street, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**  Dean Daniels
REDACTED
Harleysville, PA 19438

Re:  Dean Daniels v CURTISS-WRIGHT CORPORATION
EEOC Charge Number: 17F-2021-60019

EEOC Representative and email:          Damon A. Johnson
                                       State, Local and Tribal Program Manager
                                       damon.johnson@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC is closing this charge because the EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

**Equal Pay** Act **(EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
03/04/2022

Karen McDonough
Enforcement Manager

cc:

For Charging Party:

Lane J. Schiff, Esq.
Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
schiff@consolelaw.com
buccieri@consolelaw.com

For Respondent:

Kelly Hillyer
Curtiss-Wright EST Group, Inc.
2701 Township Line Road
Hatfield, PA 19440
khillyer@curtisswright.com